

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 MAY 26 A 10: 45

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID REYNAUD<br>PAULA GRIFFIN | CIVIL ACTION |
| versus | |
| JODY BOUDREAUX, individually and in<br>her official capacity | |
| and | |
| JEFFERSON PARISH SCHOOL BOARD<br>EMPLOYEES CREDIT UNION, as her<br>employer | PORTEOUS/WILKINSON<br><br>NO. 00-0409 T/2 |

## EX PARTE, UNOPPOSED MOTION AND MEMORANDUM TO TRANSFER

Plaintiffs move to transfer the captioned matter to Section L, Magistrate Judge 2 in order to consolidate it with No. 99-1344L/2 (which has been consolidated with No. 99-3120). All parties consent to the transfer and consolidation. Since the court has rejected the filing suggestion that this matter be transferred to Section L, this motion is in the nature of a motion to reconsider. Since that rejection, the undersigned has conferred with opposing counsel in both matters and all agree that transfer and consolidation should be accomplished. Movers point out that there is a status conference on June 8, 2000 in No. 99-1344



DATE OF ENTRY
JUN 1 2000

___Fee___
___Process___
X/Dktd
___CtRmDep
___Doc.No.

L/2.

The reason the transfer and consolidation are sought is that the single count of the captioned matter is identical to one count of No. 99-1344L/2 and the matters are the same except for one defendant (Ms Boudreaux).

The part of No. 99-1344L/2 which is the same as the present complaint is set forth below:

### Count VII - Denial of due process [Reynaud]

73. This count is brought under 42 USC sec. 1983. Made defendants in this count are Ronald Cerutti in his individual and official capacities and the Board as his employer.
74.. On February 10 the Credit Union orally notified plaintiff that the Board had seized his entire account ($220) and debited him for more than $4,000 because most of his paychecks for November - February had been voided. Plaintiff had no notice of this action. (A few days later he got written notice as did Griffin of the seizure of her account.) This money was restored in about mid-March, 1999.
75. Plaintiff alleges that this was done on the authorization of Cerutti and that seizure without a hearing is a violation of the 14th Amendment right to a hearing.

### Count VIII - Denial of due process [Griffin]

120. This count is brought under 42 USC sec. 1983. Made defendants are Cerutti in his individual and official capacities and the Board as his employer.
121. On February 9, 1999 the Board seized all of plaintiff's money in her Credit Union accounts without notice, explanation, or hearing. After protest some of the money was restored on February 26, 1999, but plaintiff remains "short" some money. The seizure of February 9, 1999 was without due process.
123. This seizure is alleged to have been instituted by Cerutti and to constitute a denial of due process.

Movers suggest that simple inspection makes evident the identity of the complaints and the desirability of transfer and consolidation.

Respectfully submitted,

J Courtney Wilson
210 Baronne
New Orleans, La 70112
525-4361

CERTIFICATE OF SERVICE
I certify a copy of this Pleading was served by mail upon all Counsel of Record.
5/25/01 J.C.W.
Attorney at Law

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID REYNAUD                                    CIVIL ACTION
PAULA GRIFFIN

versus

JODY BOUDREAUX, individually and in
her official capacity

and

JEFFERSON PARISH SCHOOL BOARD          PORTEOUS/WILKINSON
EMPLOYEES CREDIT UNION, as her
employer                                         NO. 00-0409 T/2

### ORDER ON
### EX PARTE, UNOPPOSED MOTION TO TRANSFER

IT IS ORDERED that No. 00-0409 T/2 be transferred to Sec L.

New Orleans, La., this 30th day of May, 2000.

DENIED

_____
G. THOMAS PORTEOUS, JR.
U.S. DISTRICT JUDGE

(see Docs. 4 and 5, and Local Rule 3.1.1E)