FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 AUG 11  AM 9: 53

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

DAVID REYNAUD, et al.                    CIVIL ACTION

VERSUS                                   NO.  00-0409

JODI BOUDREAUX, et al.                   SECTION  "T" (2)

This cause came for hearing on a previous date upon the Motion of the Defendants to

Dismiss the Complaint filed herein.  The Court, having studied the legal memoranda and exhibits

submitted by the parties, the record, and the applicable law, is fully advised on the premises and

ready to rule.

## ORDER AND REASONS

### I. Background

This civil action is brought by David Reynaud and Paula Griffin (hereinafter "Plaintiffs")

pursuant to 42 U.S.C. § 1983.

According to the Complaint, on February 10, 1999, the Plaintiffs learned by letter that the

Jefferson Parish School Board Employees' Credit Union (hereinafter "Credit Union") had seized "all

or some of their funds."  The letter, signed by Jodi Boudreaux as Vice President of the Credit Union,

DATE OF ENTRY

AUG 1 1 2000

Fee_____
Process_____
X_Dktd_____
_CtRmDep_____
Doc.No._____

stated that the seizure was due to overpaid salaries. The Plaintiffs state that as a result of the seizure they were "deprived of the use of their funds which they needed to pay for living and medical expenses and suffered emotional distress." [Complaint,¶ 5].

The Plaintiffs pray that this Court issue a judgment in their favor against the Defendants for "compensatory and punitive damages, attorney fees, costs, trial by jury, and all other legal and equitable relief to which they may be entitled." [Complaint, ¶ 6].

In the Motion to Dismiss, the Defendants argue that the Plaintiffs fail to state a claim upon which relief may be granted. The Plaintiffs' complaint is based on 42 U.S.C. § 1983. The Defendants contend that the Plaintiffs "fail to allege the two essential 42 U.S.C. § 1983 requirements that: (1) the Defendants' conduct deprived the Plaintiffs of a right, privilege or immunity secured by the Constitution or law of the United States, and (2) the Defendants' conduct occurred under color of state law." [Motion to Dismiss, p. 1]. Accordingly, the Defendants argue that the Complaint must be dismissed.

## II. Legal Analysis

### A. *Law on Motions to Dismiss for Failure to* *State a Claim upon which Relief Can Be Granted*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") "is viewed with disfavor and is rarely granted." Lowery v. Texas A&M University System, 117 F.3d 242, 247 (5th Cir. 1997); Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1980). A district court may not dismiss a complaint

under Rule 12(b)(6) of the FRCP "unless it appears beyond doubt that the plaintiff can prove no set

of facts of support of his claim which would entitle him to relief." Corley v. Gibson, 355 U.S. 41,

45-46 (1957); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995). The Fifth Circuit defines

this strict standard as, "The question therefore is whether in the light most favorable to the plaintiff

and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Lowrey,

117 F.3d at 247 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure,

§1357, at 601 (1969)).

B. *Application of Law on Motion to Dismiss*

> To state a claim for relief in an action brought under §1983, respondents must
> establish that they were deprived of a right secured by the Constitution or laws of the
> United States, and that the alleged deprivation was committed under color of state
> law. Like the state-action requirement of the Fourteenth Amendment, the under-
> color-of-state-law element of §1983 excludes from its reach "merely private conduct,
> no matter how discriminatory or wrongful."

American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (citing Blum v.

Yaretsky, 457 U.S. 991, 1002 (1982) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)). In the

case at hand, the Defendants allege in their Motion to Dismiss that the Plaintiffs have failed to state

a claim under §1983 and that amending the Complaint cannot cure its deficiencies.

First, the Defendants claim that the Plaintiffs have failed to allege in the Complaint that the

Defendants' conduct deprived the Plaintiffs of a right, privilege, or immunity secured by the

Constitution of the United States. In the Complaint, the Plaintiffs do not allege specific

constitutional or statutory rights that were violated; however, in their Opposition to the Motion to

Dismiss, the Plaintiffs state that "it is obvious that plaintiffs are complaining of a violation of their

4th (seizures) and 14th (due process) Amendment rights." [Opposition to Motion to Dismiss,¶ 2].

Plaintiffs also claim that their proposed amended complaint is attached to the Opposition to the

3

Motion to Dismiss, and they asked to be allowed to amend the Complaint. However, there is no attachment, and no amended complaint has been received by the Court.

Second, the Defendants claim that the Plaintiffs have failed to allege that the Defendants' conduct in question occurred under color of state law. The Credit Union is a non-profit organization that is owned by its members, not by Jefferson Parish. Both the Plaintiffs and the Defendants agree that the Credit Union is a private entity. However, the Plaintiffs now claim that the Credit Union's act of seizing funds from the Plaintiffs was a state action because the Credit Union seized the money on behalf of the Jefferson Parish School System.

Five factors have been identified to assist court sin determining whether a private entity's action is under color of law for purposes of § 1983; the presence or satisfaction of one factor alone does not make for state action, rather the totality of the circumstances must be viewed. Goldstein v. Chestnut Ridge Fire Co., Nos. 99-1089, 99-1180, 2000 WL 961590 (4th Cir. July 12, 2000).

First, a court should consider whether "in light of all the circumstances, . . . the Government did more than adopt a passive position toward the underlying private conduct." Goldstein at *3 (quoting Skinner v. Railway Labor Executives' Assoc., 489 U.S. 602, 614-615 (1989)). In the case at hand, the Credit Union seized funds from the Plaintiffs' accounts because these funds purportedly were salaries that the Jefferson Parish School Board (hereinafter "School Board") had overpaid to the Plaintiffs. If the School Board requested that the funds be seized, then the School Board "did more than adopt a passive position toward the underlying private conduct." See Goldstein at *3. However, the Plaintiffs admit that "the real creditor in interest is the Jefferson Parish School System." [Response, p. 1]. The Court notes that the Plaintiffs have a lawsuit against the Jefferson Parish School System in Civil Action No. 99-1344, Section "L," captioned Griffin, et al. v. Jefferson

4

Parish School Board, et al., pending before another judge of this Court.

Second, "if the state delegates its obligations to a private actor, the acts conducted in pursuit of those delegated obligations are under color of law." Goldstein at *3 (citing West v. Atkins, 487 U.S. 42, 54 (1988)). This factor does not apply in the case at hand because, unlike West, this is not a case where the state delegated one of its constitutional obligations to a private entity. West, 487 U.S. at 54-55.

Third, "a private actor is responsible as a state actor 'if the function performed [is] traditionally the exclusive prerogative of the State.'" Goldstein at *3 (quoting United Auto Workers v. Gaston Festivals, Inc., 43 F.3d 902, 906 (4th Cir. 1995)). See also Barrios-Velazquez v. Asociacion de Empleados del Estado Libre Asociado de Puerto Rico, 84 F.3d 487 (1996) (quoting Rodrigues v. Furtado, 950 F.2d 805, 814 (1st Cir. 1991)). The court in Barrios reasoned,

> Plaintiffs contend that for public interest purposes, the government of Puerto Rico has delegated to the [Defendants] the traditional activity of promoting savings among government employees, and providing them benefits to public employees probably does promote the public interest. However, these services *cannot* reasonably be characterized as the exclusive province of the State, since banks, credit unions, savings and loans associations, brokerage firms, mutual funds, and insurance companies traditionally have existed to promote savings, loans, and health and other insurance. As a result, we conclude that Defendants cannot be found to have engaged in state action under the "traditional public function test."

Barrios, 84 F.3d at 494 (emphasis added). Therefore, as in Barrios, this court holds that the activities of credit unions are *not* traditional public functions.

Fourth, "the private use of . . . challenged state procedures with the help of state officials constitutes state action." Goldstein at *3 (quoting Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982)). Since no state officials are alleged to have assisted the Credit Union in seizing the Plainitffs' funds, this factor does not apply to the case at bar.

Fifth, the Court should examine the "degree of the Government's participation in the private party's activities." Goldstein at *3 (quoting Skinner, 489 U.S. at 614). Under the fifth factor, there are four sub-inquiries. One such inquiry is to consider "whether the injury caused is aggravated in a unique way by the incidents of governmental authority." Goldstein at *3 (quoting Edmonson v. Leesville, 500 U.S. 614 (1991)). In the case at hand, the seizure of funds was no more injurious to the Plaintiffs because the School Board was involved. The second inquiry is to consider "the extent and nature of public assistance and public benefits accorded the private entity." Goldstein at *3 (citing Edmonson, 500 U.S. at 621). In the case at hand, the only readily apparent public benefit is that the Credit Union is exempt from both state and federal taxes. The third inquiry is to consider "the extent and nature of governmental regulation over the institution." Goldstein at *3 (citing American Manufacturers, 526 U.S. at 52). The Credit Union reports to the National Credit Union Administration, and it is regulated by the Federal Credit Union Act. Therefore, the state has little to no control over the Credit Union; the federal government controls it. The fourth inquiry is "how the state itself views the actor, i.e., whether the state itself regards the actor as a state actor." Goldstein at *3 (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352-53 (1974)). This Court is unable to find any case law which holds that the state of Louisiana regards the Credit Union as a state actor. Therefore, using the above four inquiries, this Court holds that the degree of government participation in the Credit Union's activities is minimal at most.

The Plaintiffs' contention that the Credit Union's action was state action is based on United States. v. Pierce, 893 F.2d 669 (5th Cir. 1990) and United States v. Coleman, 628 F.2d 961 (7th Cir. 1980). Pierce is not applicable to the case at hand because it is a Fourth Amendment search and seizure case. The Plaintiffs have not made any formal complaint alleging a violation of the Fourth

6

Amendment. <u>Coleman</u> is also a Fourth Amendment search and seizure case. Therefore, <u>Coleman</u> is also inapplicable to the present case.

In light of the application of the foregoing factors, this Court finds that the Plaintiffs have not made a sufficient showing that the Credit Union's action was under color of law for purposes of § 1983.

This Court finds that the Defendants are correct in their contentions that the Plaintiffs "fail to allege two essential 42 U.S.C. § 1983 requirements that: (1) the Defendants' conduct deprived the Plaintiffs of a right, privilege or immunity secured by the Constitution or law of the United States, and (2) the Defendants' conduct occurred under color of state law." [Motion to Dismiss, p. 1].

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed on behalf of the Defendants, Jodi Boudreaux and the Jefferson Parish School Board Employees' Credit Union, (Doc. 8) be, and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the claims of the Plaintiffs, David Reynaud and Paula Griffin, against the Defendants be, and the same are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this _10th_ day of August, 2000.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**

7