



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 SEP 14 PM 1:44

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAVID REYNAUD, et al.**                    **CIVIL ACTION**

**VERSUS**                                    **NO. 00-0409**

**JODI BOUDREAUX, et al.**                    **SECTION "T" (2)**


This cause came for hearing on a previous date upon the Motion of the Plaintiffs for a New Trial Pursuant to Rule 59(a)(2) of the Federal Rules of Civil Procedure ("FRCP"). Oral argument was not entertained by the Court; therefore, the matter was taken under submission on the briefs only. The Court, having studied the record, the legal memoranda submitted by the parties, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.


## ORDER AND REASONS

### I. Background

On August 10, 2000, this Court granted Defendant's Motion to Dismiss which asserted that the Plaintiffs failed "to allege two essential 42 U.S.C. section 1983 requirements that: (1) the Defendants' conduct deprived the Plaintiffs of a right, privilege or immunity secured by the Constitution or law of the United States, and (2) the Defendants' conduct occurred under color of

---

DATE OF ENTRY

SEP 1 4 2000



Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc.No._____

state law." [Motion to Dismiss, p. 1].   In response, the Plaintiffs filed a Motion for a New Trial.

## II.  Law and Argument

The Plaintiff's contend that "the Court improperly buttressed its conclusions by finding facts on its own." [Motion for New Trial, p. 1]. This Court's findings of fact are not mere assumptions but are correctly stated law.  Furthermore, Rule 201 of the Federal Rules of Evidence at subsections (b) and (c) allow the court to take judicial notice of certain facts whether requested or not as long as those facts are not subject to reasonable dispute.  The Plaintiffs also contend that their Motion for a New Trial should be granted on the grounds that: (1) their "notice pleading" was sufficient to state a claim upon which relief can be granted, and (2) discovery should have been allowed regarding the question of the working relationship between the State and the Jefferson Parish School Board Employees Credit Union.  Accordingly, the Defendant argues that the Court did not err in its ruling.

Under Rule 59 of the FRCP, a District Court enjoys considerable discretion in granting or denying a motion for new trial.  First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans, 891 F.Supp. 290 (E.D.La. 1995).  There are three grounds upon which a Court may grant a Rule 59 motion for reconsideration or to alter or amend the judgment: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available becomes available, or (3) it is necessary to correct clear error of law or prevent manifest injustice.  Database America, Inc. v. Bellsouth Advertising & Pub. Corp. 825 F.Supp. 1216 (D.N.J. 1993).

Having reviewed the record, the law and the memoranda submitted by the parties, this Court finds that the Plaintiff has failed to establish any of the aforementioned grounds for new trial.  The Plaintiff's motion merely reiterates and reasserts the arguments previously made, which this Court found unpersuasive on August 10, 2000.

2

Accordingly,

**IT IS ORDERED** that the Motion of the Plaintiffs, David Reynaud and Paula Griffin, for

New Trial (Doc. 18) be, and the same is hereby **DENIED**.

New Orleans, Louisiana, this _____ day of September, 2000.

**G. Thomas Porteous, Jr.**
**United States District Judge**